McKinney, J.,
delivered the opinion of the court.
The only point for our determination in this case, arises out of the following clause in the will of Samuel D. Powers, deceased, namely; “I leave all my property, both real and personal, in the possession of my beloved wife, M. A. Powers, during her widowhood, for the purpose of raising and educating my dear children ; but should she marry again before my children are all of age, she is, in that event, to have her dower under the law; the balance to remain in common stock to, my children, each drawing an equal proportion as he or she may come of age, whether my wife marry or not.”
The will bears date 11th January, 1832, and in October, 1842, the widow intermarried with the co-defendant, Abner Gupton.
In March, 1844, this petition was filed in the chancery court at Clarksville, by the children of the testator, for- a division and allotment, in severalty, of their respective shares of the real and personal estate of the testator. In the petition, the right of the widow to dower of the real estate, is not controverted ; but it is assumed that, under the will, she is entitled to no interest in the personal estate. The chancellor took this view of the case, and so decreed, and the defendants appealed to this court.
We do not concur in opinion with the chancellor. The question, in the construction of this will, grows out of the inartificial use of the term “dower,” which; in its proper legal sense, applies only to the interest of the widow in the real estate of her deceased husband.
It is admitted to be true, as a general rule, that where words are used in a deed or will, to which the law has annexed a particular meaning, they are to be understood in that sense. *404 If technical words are used in a will, the testator will be presumed to have employed them in their legal sense; and they will be construed according to their technical meaning, unless upon the whole will it clearly appear that the testator did not so intend to use them. 2. Williams on Exrs., 926; 6. Term. R., 352; 3. Bro. C. C., 68; 4. Vesey, 329.
In the construction of wills, the first and principal object of inquiry is, the intention of the testator; and such intention is allowed greater latitude in controlling and modifying the words used, than is admitted in the construction of deeds. Co. Litt. 290, b. note 8. The most comprehensive and important of the general rules for the construction of wills, as well as of deeds, is, that the construction shall be favorable, and as near, to the mind and apparent intent of the party as possible, consistently with the rules of law. Shep. Touch. 83-86.
In accordance with these principles, it has been held, that where the testator used these words, “all my personal estates and it was clear upon the face of the will, that the testator meant by these words, not what is technically understood by them, but the real property over which he had an absolute personal power of disposition, the freehold passed under this description. 2. Williams on Exrs., 925; 11. East 246; 16. East 221; 6. A & E. 167.
And where from the will it clearly appeared, that the testator’s intention was to bequeath leasehold property in which he had a chattel interest only, under the description of his real estate, such intention was held to prevail. 2. Williams on Exrs. 925; 1. Mylne & K. 571; 2. Mylne & K. 759; 2. Russ. & M. 546.
So, in a will of personal estate to A. for life, remainder to the heirs at law, the better opinion is, that though the words heirs at law have a definite sense as to real estate, yet, when applied to personal property, they mean the legal representa- *405 lives, or next of kin. 4. Kent’s Com. 537, in note d. 5. Vesey 399.
Upon the foregoing authorities, without citing-others of similar import, we think the principle is conclusively established, that the true intention of the testator, plainly manifested upon the face of the will, will always prevail over the literal or technical sense of the terms used by him. And applying this principle to the case under consideration, it presents no serious difficulty.
The will is unskilfully and inartificially framed, but the intention of the testator cannot be mistaken. His purpose to dispose of his whole estate is clearly indicated. All his “property, both real and personal,” is placed in the possession and under the dominion of the widow, for the purpose of raising and educating his children ; should the widow marry again, “she is to have her dower under the law;” and “the balance to remain in common stock” to the children, each to receive an equal portion as he or she arrives at age. What does the word “balance” in this connection refer to? What is it that shall remain in common stock to the children? Certainly not the “balance” of the real estate; for upon this hypothesis, the entire personal estate, which is very considerable, would be left wholly undisposed of by the will; but the “balance” of his property, “both real and personal,” left in the possession of the wife during her widowhood; and of which, in the event of her future marriage, she should “have her dower under the law.”
It is manifest that the disposition of the estate contemplated by the testator,in case the widow married again, was precisely that disposition which the law makes in case of intestacy; that is, that the widow should have the portion of his real and personal estate to which she was by law entitled when the husband dies intestate, and thé balance to be equally divided among the children as they respectively attained *406 the age of twenty-one. The word “dower” was intended to mean the provision made for the widow by the act of 1784, ch. 22, sec. 9, and looking to the entire provisions of that section, which require, that the jury summoned to allot and set off to the widow her one-third of the real estate of which the husband died seized or possessed, “shall also allot and set off to such widow, such part or portion of the personal estate” as by law she shall be entitled to; it was certainly no great misuse of that term.
This construction of the will is to be favored, because it is not only proper and reasonable in itself, but does equal justice to all the parties.
The decree of the chancellor will be reversed.